UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNIE B. ROSE,

                    Plaintiff,

    v.                                          Case No. 24-cv-405-pp
                                                Appeal No. 25-1030

JOSUE AYALA, *et al.*,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 60) AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND JUDGMENT (DKT. NO. 61)**

---

On December 23, 2024, the court granted the defendants' motion to dismiss this case as untimely and entered judgment. Dkt. Nos. 39, 40. On January 8, 2025, the court received from the plaintiff a motion for reconsideration under Federal Rule of Civil Procedure 59(e), dkt. no. 41, and a notice of appeal, dkt. no. 42. On February 13, 2025, the court denied the plaintiff's motion for reconsideration. Dkt. No. 51. On March 24, 2026, the court received from the plaintiff filed a motion to alter or amend judgment, dkt. no. 60, and on April 15, 2026, it received from him a motion for extension of time to amend judgment, dkt. no. 61. This order denies these motions.

District courts generally lack jurisdiction over a case once a party has appealed. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)). But the court retains limited authority to consider a timely filed motion.

1

The Federal Rules of Civil Procedure state that if a party timely files a motion for relief that the court lacks authority to grant because an appeal is pending, the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

The plaintiff asks the court to alter or amend judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 60. A party must file a motion under Rule 59(e) no later than twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). The court may not extend the time to file a motion under Rule 59(e). Fed. R. Civ. P. 6(b)(2). The court entered judgment on December 23, 2024, dkt. no. 40, and the court received the plaintiff's motion to alter or amend judgment on March 24, 2026, dkt. no. 60. Because the plaintiff did not file his motion within twenty-eight days (by around January 20, 2025) after the court entered judgment, the plaintiff may not bring his motion under Rule 59(e).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In support of his motion to alter judgment, the plaintiff contends that the statute of limitation should not bar his claim because he has newly discovered evidence regarding defendant Ayala's history of misconduct. Dkt. No. 60 at 1. The plaintiff's contention that the court should grant his motion based on newly discovered evidence means that his motion falls under Rule 60(b)(2). A motion under Rule 60(b)(2) must be filed no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). The court may not extend the time to file a motion under Rule 60(b). Fed. R. Civ. P. 6(b)(2).

If a party can bring a motion under Rule 60(b)(1) (2), or (3), he may not use the "catchall" provision of Rule 60(b)(6) to avoid the one-year time limitation. Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393 (1993) (The provisions for relief under Rule 60(b) are "mutually exclusive."); Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335, 342 (7th Cir. 2004) (A party bringing a motion under Rule 60(b)(6) "mustn't be allowed to override the one year limitation provided in rule 60(b)(1), (2), and (3)."). The plaintiff brings

3

his motion under subsection (2), so the one-year time limit applies. The court received the plaintiff's motion on March 24, 2026—some fifteen months after the court dismissed the case and entered judgment on December 23. The plaintiff's motion is untimely and the court will deny it.

Finally, the court will deny the plaintiff's motion for extension of time to amend judgment. Dkt. No. 61. As explained above, the court cannot extend the time to file a motion under Rule 59(e) or Rule 60(b). Fed. R. Civ. P. 6(b)(2).

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 60.

The court **DENIES** the plaintiff's motion for extension of time. Dkt. No 61.

Dated in Milwaukee, Wisconsin this 9th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**