**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2026*
Decided August 27, 2026

**Before**

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 25-1030

JOHNNIE B. ROSE,
*Plaintiff-Appellant*,

*v.*

JOSUE AYALA
and JOSHUA HERMANN,
*Defendants-Appellees*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 24-cv-405-pp

Pamela Pepper,
*Chief Judge*.

**O R D E R**

Johnnie Rose, a state prisoner, challenges the district court's denial of his motion to reconsider the dismissal of his civil rights suit on grounds of untimeliness. We affirm.

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The following facts come from Rose's complaint. We accept all well-pleaded factual allegations as true and view them in the light most favorable to Rose, the party opposing dismissal. *Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024). On October 23, 2020, while driving home from work, Rose was stopped by Milwaukee police officers Josue Ayala and Joshua Hermann. The officers ordered Rose to leave his vehicle, and a physical altercation ensued that left him with a broken ankle, head injuries, and a dislodged tooth.

After the incident, Rose, believing that he needed to pursue administrative remedies before seeking federal relief, filed a civilian complaint with the Milwaukee Police Department (MPD) about the alleged excessive use of force. After he received no response, he filed a complaint with the City of Milwaukee Fire & Police Commission (FPC). Rose received a letter from the FPC on April 16, 2024, advising him that the FPC had previously sent a notice dismissing his complaint on March 31, 2023.

On April 3, 2024, Rose filed this suit under 42 U.S.C. § 1983 in federal court, alleging that Ayala and Hermann used excessive force during the traffic stop in violation of his rights under the Fourth Amendment. At screening in July 2024, the court noted that Rose's claims might be barred under Wisconsin's applicable three-year statute of limitations, Wis. Stat. § 893.54 (2018), but Rose—who had filed an administrative complaint about the events—might be entitled to equitable tolling while he completed the administrative grievance process. But because untimeliness was an affirmative defense that the defendants could chose to raise later, the court declined to resolve timeliness at screening.

Shortly after screening, Rose sought to amend his complaint to add defenses to untimeliness, including that Wisconsin "provides for tolling up to 5 years if the plaintiff was 'mentally ill,'" and that Rose "suffers from chronic mental health" concerns. *See* Wis. Stat. § 893.16(1). The court denied Rose's motion for leave to amend his complaint to add this argument, stating that Rose could raise any defense if the defendants move to dismiss based on untimeliness. Rose later moved to appoint counsel arguing that the complexity of his case and his mental health issues (including schizophrenia, anxiety, and learning disabilities) made it difficult for him to represent himself.

The defendants then moved to dismiss the complaint, arguing that Rose's claims were time-barred under Wisconsin's applicable three-year statute of limitation and that equitable tolling did not apply under the circumstances. The defendants pointed out that Rose was not subject to the exhaustion requirements under the Prison Litigation

Reform Act, *see* 42 U.S.C. § 1997e(a), because his claims concerned not prison conditions but alleged constitutional violations that occurred during an arrest *before* he was incarcerated. In response, Rose asserted that he was prevented from obtaining information about the status of his civilian complaint by the extraordinary circumstances of the COVID-19 pandemic; that the MPD never responded to his complaint; and that he did not timely receive the FPC's written response despite sending letters.

The district court granted the defendants' motion to dismiss on untimeliness grounds. Rose filed his complaint beyond the three-year limitation deadline, the court explained. The court clarified that Rose had no obligation to pursue the civilian complaints before suing in federal court; his lawsuit is not related to prison conditions, so § 1997e(a) did not apply. Because the court granted the defendants' motion to dismiss, it denied Rose's pending motion to appoint counsel.

Rose then moved to reconsider, arguing that he had just learned about Wis. Stat. § 893.16(1), which allows for tolling because of mental illness. He asserted that he suffered from multiple mental illnesses, including schizophrenia, and thus was entitled to five years' tolling under the statute. He also argued that the district court erred in denying his motion to appoint counsel without weighing the impact of his mental illness on his ability to represent himself.

The district court denied the motion. The court found that Rose's purported evidence was not newly discovered because he previously knew that he had been diagnosed with mental health issues (having stated that he was diagnosed with his conditions in 1992 and 2005) and that the provisions of Wis. Stat. § 893.16(1) existed (having cited them as a ground for equitable tolling in July 2024). Further, Rose forfeited his argument for equitable tolling based on his mental illness by not addressing it in response to the defendants' motion to dismiss. And regardless, Rose had not presented any evidence showing that his illness kept him from timely filing the lawsuit.

On appeal, Rose challenges the denial of reconsideration on grounds that the court made a manifest error when it dismissed his complaint without addressing whether his mental health issues entitled him to equitable tolling. Even if he never raised the argument directly, the court should have anticipated it based on the liberal construction afforded pro se litigants and his references in a prior filing both to his mental health issues and § 893.16(1).

But the court did not abuse its discretion in denying reconsideration. *See Emerson*, 109 F.4th at 943. Rose abandoned the mental health argument by not mentioning it in his response to the defendant's motion to dismiss; without any mention of the argument, the district court had no duty to analyze it. *See Braun v. Vill. of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022). And the principles of liberal construction do not absolve Rose of his responsibility to comply with the court's procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Next, Rose, citing his mental health issues as an obstacle to representing himself competently, challenges the denial of his motion to appoint counsel after the dismissal of his case. But the court, revisiting the issue in the denial of his motion for reconsideration, justified its ruling when it determined that Rose competently represented himself in the proceedings. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The court noted that Rose's complaint was "thoroughly detailed," that Rose adequately responded to requests for clarification when amending his complaint, and that he "vigorously opposed" the motion to dismiss with exhibits and appropriate case citations. We see no abuse of discretion in the district court's conclusion.

AFFIRMED